UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No. |
| | ) | |
| Plaintiff, | ) | '08 MJ 0803 |
| | ) | |
| v. | ) | COMPLAINT FOR VIOLATION OF: |
| | ) | |
| Julio LUCAS-Garcia | ) | Title 8, U.S.C., Section 1326; |
| | ) | Deported Alien Found in the |
| | ) | United States |
| | ) | |
| Defendant. | ) | |
| | ) | |

The undersigned complainant, being duly sworn, states:

On or about, **May 08, 2007**, within the Southern District of California, defendant, **Julio LUCAS-Garcia**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Deportation Officer
Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 13th DAY OF **March 2008.**

UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
NAME: LUCAS-Garcia, Julio

## PROBABLE CAUSE STATEMENT

As part of assigned duties of the Detention and Removal Office, Deportation Officers review various sources in order to check on aliens that have been previously removed from the United States. This is done in order to determine if subjects have returned to the United States, in violation of Title 8, United States Code, Section 1326.

On May 08, 2007, the defendant identified as Julio LUCAS-Garcia was arrested in Poway, California by the San Diego Sheriff's Department for numerous violations including VC23152(A) "DUI: ALCOHOL/DRUGS" and booked into the Poway Sheriff's Station. On December 19, 2007, while defendant was in custody at Richard J. Donovan Correctional Facility, an Immigration Enforcement Agent with Immigration and Customs Enforcement determined the defendant to be a citizen of Mexico and placed a Form I-247 "Immigration Detainer" pending his release from state custody. On Wednesday, March 12, 2008, at approximately 9:45 a.m. the defendant was referred to United States Immigration and Customs Enforcement custody. A Deportation Officer reviewed various sources of information and conducted official record checks in regards to the defendant confirming him to be a citizen of Mexico having been previously removed from the United States.

A thorough review of official immigration computer database record checks and information contained in the Alien Registration file revealed that the defendant was most recently ordered removed from the United States by an Immigration Judge on or about August 09, 2005 and physically removed to Mexico on or about August 09, 2005 via the San Ysidro Port of Entry. Record checks further indicate that the defendant has not applied to the Attorney General of the United States or the Secretary of the Department of Homeland Security for permission to re-enter the United States.

The Automated Biometric Fingerprint Identification System "IDENT" and Automated Fingerprint identification System "IAFIS" were utilized and compared the defendant's fingerprints to those contained in these databases. The results confirmed the defendant's identity as Julio LUCAS-Garcia, a citizen and national of Mexico. A photograph and a set of fingerprints contained within the official Alien Registration File were also reviewed and compared to the defendant, further confirming his identity.

All information indicates that the defendant is a citizen of Mexico, was ordered removed to Mexico and has no legal right to enter or reside in the United States.

Based upon the foregoing information, there is probable cause to believe that Julio LUCAS-Garcia has illegally re-entered the United States after Deportation, in violation of Title 8 of the United States Code 1326, Deported Alien Found in the United States.